39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zdenek STEPANEK, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Oct. 31, 1994.
 
 Before: WALLACE, Chief Judge, REINHARDT, Circuit Judge, and TANNER,** District Judge.
 MEMORANDUM
 Stepanek petitions for review of the refusal by the Board of Immigration Appeals (Board) to grant him a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). The Board has jurisdiction under 8 U.S.C. Sec. 1252. We have jurisdiction over this timely petition pursuant to 8 U.S.C. Sec. 1105(a). We allow the petition to review the Board's order and remand to the Board.
 It is not contested that Stepanek is eligible for a waiver under section 212(c). We review for abuse of discretion the Board's determination of whether to grant Stepanek the waiver. Because the Board explicitly relied upon the reasons of the immigration judge (IJ) in denying the waiver, we examine the IJ's decision. Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993). There must be a weighing of the favorable and unfavorable factors separately and the decision maker must provide a reasoned explanation of why the adverse factors outweigh the positive equities. Yepes-Prado v. INS, 10 F.3d 1363, 1370 (9th Cir.1993). "What [the Board] may not do is categorically deny 212(c) relief to drug offenders who have served less than five years incarceration." Id. at 1371.
 Yepes-Prado controls our analysis here. Although the IJ did discuss Stepanek's positive and negative equities, the decision to deny Stepanek the waiver was based on a blanket denial due to Stepanek's drug conviction. This was an abuse of discretion. While drug convictions may require "a showing of outstanding equities by applicants" in order to overcome the seriousness of the offense, Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991), the IJ said that "[e]ven if the respondent had shown outstanding or unusual countervailing equities I would have denied relief." This statement shows that the IJ did not engage in the proper weighing of equities. His analysis indicates the kind of categorical reasoning condemned in Yepes-Prado.
 On remand, the Board is to reevaluate all of the equities, both positive and negative. The nature and seriousness of Stepanek's drug conviction must be considered based on the individual circumstances of Stepanek's case. Yepes-Prado, 10 F.3d at 1371. An independent determination by the Board is required.
 PETITION GRANTED AND REMANDED.
 
 
 1
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation